## LARICK CHEVROLET CO. v. NEWMAN

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8932. Decided May 21, 1928.

Syllabus by Editorial Staff.

**465. ERROR PROCEEDINGS—941 Practice and Procedure.**

Where failure to file transcript within time required by law is due entirely to neglect of plaintiff in error, proceedings will be dismissed.

Error to Municipal Court.
Petition dismissed.

Alvord L. Bishop, Cleveland, for Chevrolet Co.

A. Kollin, Cleveland, for Newman.

FULL TEXT.

VICKERY, J.

This action was brought into this court on a petition in error to reverse the finding of the Municipal Court and personally, the writer of this opinion thinks that the court erred to such an extent that if the case were properly here, it should have been reversed, but an examination of the record shows that there was no transcript filed in this action nor original papers. The petition in error was filed in time and it seems that the Clerk of the Municipal Court was ordered to prepare a transcript, and, I believe, the fee was paid for such transcript. The transcript was duly made in proper time by the Municipal Clerk and neither the plaintiff in error nor his lawyer called for said transcript and it was never filed in the Court of Appeals, not only not within the sixty days but it was not filed when this case came on for hearing. I believe since the motion was made to dismiss it, they have filed a transcript.

We think the motion to dismiss the proceedings on the ground that we have not acquired jurisdiction is well taken and must be sustained.

We are cited to the case of Columber vs. City of Kenton, et al, 111 OS. page 211 as a case in point. We do not think that it is a case in point. In that case the petition in error was filed within the seventy days, for it was a case in the Common Pleas Court, and with that petition the original papers and a praecipe were filed for a transcript. Now it must be remembered that the Clerk of the Common Pleas Court is likewise the Clerk of the Court of Appeals, so when the petition in error was filed and with it the original papers, on the original papers was contained all the information from which a transcript could be made up. Now it appears that those original papers were withdrawn from the files temporarily for the purpose of making up the transcript and through the non-feasance of the officer whose duty it was to make a transcript, a transcript was not filed until six days after the seventy days had elapsed; and the Supreme Court in that case held that inasmuch as the plaintiff had done all that it was incumbent upon him to do and the delay in having the transcript filed was due to the non-feasance of an officer in making the transcript, the original papers having been filed with the petition in error, the court had acquired jurisdiction or at least that the plaintiff in error should not be deprived of his rights to have his cause reviewed by reason of such non-feasance of the officer when he himself had done all that he was called upon to do to perfect his proceedings in error. Of course, as already stated, the original papers contained all the information. It contains really a transcript of all the proceedings because every paper that is filed has an endorsement on it as to what it is and the transcript is only collecting these entries on the papers and putting them on a separate paper, and we think the court rightfully held that under the circumstances of that case it would have been a grievous wrong upon the plaintiff to have denied him the right to have his case reviewed for no fault of his, but because of the non-feasance of the Clerk who, it must be remembered, is the Clerk of both the Court of Appeals and the Court of Common Pleas.

But how does that square with the instant case? Here the Clerk of the Municipal Court is in no wise connected with the Court of Appeals. We learn in this case that in pursuance with the instructions of the attorney for the plaintiff in error, a transcript of the proceedings was made up in this case and with it were the original papers and they were to be called for under the practice that prevails in the Municipal Court of the City of Cleveland and under the rules of the Municipal Court, I presume, they are not required to transmit the papers to the Clerk of the Court of Appeals and consequently there was no non-feasance of the Municipal Clerk but there was neglect of the plaintiff in error, and it was that and that alone which prevented this court from acquiring jurisdiction, by the failure to file a transcript in time.

We think the authorities are abundant to support our view and we have decided scores of cases in the same way from time to time, uniformly dismissing a case for want of jurisdiction where no transcript has been filed within the time allowed by law. It is true that the statute says that the transcript must be filed with the petition in error but that has been construed many times to mean that if it is filed within the time when a petition in error

might be filed, it is in proper time, but in order to give jurisdiction the transcript and original papers are just as essential as the petition in error, and for that reason we think the motion to dismiss must be and is granted. (Sullivan, PJ., and Levine, J., concur.)